FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 AUG -8 PM 4:06
CLERK C Adams
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| DEERE & COMPANY, | |
| Plaintiff | |
| VS | CIVIL ACTION, FILE NO.: 3:15-cv-00072-DHB-BKE |
| REBEL AUCTION COMPANY, INC. AND FOUR-D, INC., | |
| Defendants | |

## CONSENT ORDER/JUDGMENT

The Court having previously entered an Order on June 3, 2016 granting Plaintiff partial summary judgment on the issue of the Defendants liability in tort for conversion, and said Order having further scheduled an evidentiary on the issue of damages for Wednesday, July 20, 2016, and, prior to set scheduled hearing, the parties announced that they had reached a settlement on the damages issue, which settlement is embodied in this Consent Order/Judgment, and is hereby approved by the Court. **IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED AS FOLLOWS:**

-1-

It is a finding of this Court that the two items of equipment converted by Defendants have the following values:

    a.    JD 616C Combine (Corn Head), Serial Number 745283: $64,679.00;

b.  Horst Welding CF 45 Transport, Serial Number 120307: $6,800.00.

-2-

Plaintiff is awarded compensatory damages against both Defendants for the value of the equipment converted totaling $71,479.00, plus interest on said amount from the date of conversion, March 15, 2014, at the rate of 7% per annum, the interest total being $11,858.00 through July 27, 2016, and future per diem interest of $13.71 after July 27, 2016.

-3-

Plaintiff is awarded attorney fees in the amount of $21,769.00 and costs in the amount of $1,490.48, which figures are for amounts billed through June 28, 2016. Plaintiff's counsel has represented to the court that attorney fees subsequent to June 28, 2016 are estimated not to exceed $3,000.00 provided that Defendants timely pay the amounts set forth herein, and Plaintiff is awarded such additional attorney fees and costs incurred subsequent to June 28, 2016 as shall be set forth in a subsequent affidavit submitted to the court by Plaintiff's counsel, without further hearing, unless Defendants file a written objection to such affidavit within 10 days after the same is filed with the court and served upon Defendants' counsel. In the event a written objection is timely filed, the Court will set the matter down for a hearing on that issue; otherwise, the amount set forth in the subsequent affidavit shall be deemed approved.

-4-

Plaintiff has conditionally waived punitive damages, and no such damages are presently awarded, and no such damages shall be awarded provided that Defendants pay the entire amount awarded to Plaintiff in this Consent Order/Judgment on or before September 18, 2016. In the event all such amounts are not paid on or before September 18, 2016, Plaintiff shall not have waived punitive damages, and upon Plaintiff or Plaintiff's counsel filing an affidavit

with the Court setting forth substantially that all such amounts have not been paid on or before September 18, 2016, the Court will set the matter down for hearing on the punitive damages issue.

-5-

Plaintiff is the holder of a judgment against Benny F. Hall, Jr. and Hall Farm, LLC, jointly and severally, from the Circuit Court of the County of Accomack, Virginia, entered December 27, 2015, a copy of which is attached hereto as Exhibit "A", and is made a part hereof. Upon payment by Defendants of all amounts awarded to Plaintiff under this Consent Order/Judgment, Plaintiff shall assign the Virginia judgment to Defendants, provided that such judgment has not been earlier paid in full. In the event Plaintiff receives a full or partial payment or payments on said Virginia judgment prior to an assignment, the same shall be credited against the amounts awarded to Plaintiff under the provisions of this Consent Order/Judgment.

-6-

This Consent Order/Judgment may be filed presently in the case, but by stipulation of the parties, the automatic stay of the issuance of an execution, FRCP 62 is extended such that no execution shall issue nor shall the same be entered on any execution docket provided that Defendants pay all amounts awarded to Plaintiff under the terms and provisions of this Consent Order/Judgment on or before September 18, 2016. In the event Plaintiff or Plaintiff's counsel submits an affidavit after September 18, 2016 that all amounts awarded to Plaintiff under the terms and provisions of this Consent Order/Judgment have not been paid in full, which affidavit shall further state the amount or amounts that remain unpaid, the automatic stay of the issuance of an execution shall terminate, and the Clerk shall issue an appropriate execution and any other appropriate documents to allow Plaintiff to pursue collection

of the amounts awarded to Plaintiff herein. In the event additional attorney fees or punitive damages are awarded to Plaintiff after a hearing on either of said issues subsequent to the issuance of an initial execution and any other appropriate documents, such execution and other documents shall be amended by the Clerk to include any additional awards in favor of Plaintiff.

This ___ day of August, 2016.

_____
United States District Judge

CONSENTED TO:

_____
Hugh T. Hunter,
Attorney For Deere & Company
Hunter and Hunter,
Attorneys at Law, P. C.
1115 South Main Street
Sylvania, Georgia 30467
(912) 564-2092
Bar Number: 379067


CONSENTED TO:

_____
James C. Garner, Esq.
Attorney For Rebel Auction
Company, Inc. and Four-D, Inc.
205 N. Franklin Street
Dublin, Georgia 31021
(478) 304-1451
Bar Number: 285565

**V I R G I N I A:**

### IN THE CIRCUIT COURT
### OF THE COUNTY OF ACCOMACK

**DEERE & COMPANY,**

    Plaintiff,

v.                                                           **Case No. CL14-338**

**BENNY F. HALL, JR.,** *et al.,*

    Defendant.

### CONSENT FINAL JUDGMENT ORDER

    Deere & Company, by counsel, seeks entry of a final judgment order against Defendants Benny F. Hall, Jr. and Hall Farm, LLC. The Defendants, by endorsement of their counsel, consent.

    Deere & Company represents that all of the collateral securing the Defendants' three loan accounts has been surrendered and sold except a John Deere 2012 Model 616C Cornhead, Serial No. 1H00616CCCC745283 and a Horst Welding 2012 Model CF45 Transport, Serial No. 120307, which collateral is no longer in the possession, custody or control of the Defendants. Deere & Company further represents that loan accounts 1843 and 5298 have been paid in full by the proceeds from the sale of the surrendered collateral and the balance of loan account 8970 has been reduced thereby. Therefore, in light of the consent of the parties, it is hereby

    ORDERED that judgment is entered in favor of Deere & Company and against Benny F. Hall, Jr. and Hall Farm, LLC, jointly and severally, in the

"Exhibit A"

amount of $59,359.78, with interest accruing on the principal balance of $51,426.22 at the judgment rate from November 25, 2015 until paid in full, plus attorneys' fees, costs and expenses of $24,038.28. It is further

ORDERED that Deere & Company is granted the sole and exclusive right to possession of the aforementioned Cornhead and Transport. If Deere & Company obtains possession of said collateral, it shall apply the proceeds of the sale as a credit to this judgment, after payment of the costs of sale and obtaining possession, including legal fees and expenses. It is further

ORDERED that the Clerk of the Court mail attested copies of this order, as entered, to counsel of record. This matter is ended.

Entered: 12/27/15

_____
Circuit Court Judge

I ask for this:

_____
Kimberly Ann Taylor, VSB #29823
Kepley Broscious & Biggs, PLC
2211 Pump Road
Richmond, VA 23232
(757) 636-9826
(804) 741-6175 (Facsimile)

Counsel for John Deere

Seen and agreed:

_____
Carl A. Eason, VSB #18636
Cullen Drescher Speckhart, VSB #79096
Wolcott Rivers Gates
301 Bendix Road, Ste 500
Virginia Beach, VA 23452

Accomack County Circuit Court
I certify that the document in which this authentication is affixed is a true copy of a record filed in the Accomack County Circuit Court, Virginia.
TESTE: SAMUEL H. COOPER, JR.

By: Carotta S. Duncan, Deputy Clerk

2